## IN THE COURT OF COMMON PLEAS
## LAWRENCE COUNTY, PENNSYLVANIA

GLYNN D. SMITH and
DONNA SMITH

                Plaintiffs,

v.

BLACK & DECKER (U.S.) Inc.,
Individually and d/b/a
DeWALT ® (a trade name),
STANLEY BLACK & DECKER, INC.,
ACME TOOLS f/k/a and/or d/b/a
TOOL CRIB of the NORTH

           Defendants.

**CASE NUMBER:** *10040-2020 CA*

**TYPE OF PLEADING**
COMPLAINT IN CIVIL ACTION

**FILED ON BEHALF OF:**
Glynn D. Smith and Donna Smith,
Plaintiffs

**COUNSEL FOR RECORD**
**FOR THESE PARTIES:**
DOUGLAS J. OLCOTT, ESQ.
#204851
BORDAS & BORDAS, PLLC
One Gateway Center
420 Ft. Duquesne Boulevard
Suite 1800
Pittsburgh, PA 15222
T: (412) 502-5000
F: (412) 709-6343
DOlcott@BordasLaw.com

**JURY TRIAL DEMANDED**



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
t 412-709-6343

bordaslaw.com



EXHIBIT
*A*

FILED/ORIGINAL

2020 JAN 17  AM 8: 58

JODI KLABON-ESOLDO
PRO AND CLERK1

**IN THE COURT OF COMMON PLEAS
LAWRENCE COUNTY, PENNSYLVANIA**

GLYNN D. SMITH, and DONNA SMITH,
Husband and Wife,
26 West Miller Street,
New Castle, PA 16101

CIVIL NO.: 2020- _10040_

**JURY TRIAL DEMANDED**

          Plaintiffs,

v.

BLACK & DECKER (U.S.) Inc., Individually
and d/b/a DeWALT ® (a trade name)
701 East Joppa Road
Towson, MD 21286

STANLEY BLACK & DECKER, INC.
1000 Stanley Drive
New Britain, CT 06053

ACME TOOLS f/k/a and/or d/b/a
TOOL CRIB of the NORTH
1603 12th Avenue North
Grand Forks, ND 58203

          Defendants.

<u>**COMPLAINT**</u>

NOW COME Plaintiffs, GLYNN D. SMITH and DONNA SMITH, Husband

and Wife, by and through their attorneys, BORDAS & BORDAS, PLLC, and file this

Complaint and, in support thereof, aver as follows:

**THE PARTIES**

1.     Plaintiff GLYNN D. SMITH is an adult individual residing at 26 West

Miller Street, New Castle, Pennsylvania 16101.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5500
f 304-845-5804

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

FILED/ORIGINAL

2020 JAN 17  AM 8: 51

JODI KLABON-ESOLDO
PRO. AND CLERK

1

2.      Plaintiff DONNA SMITH is an adult individual and the wife of GLYNN D. SMITH who resides at 26 West Miller Street, New Castle, Pennsylvania 16101.

3.      Defendant, Black & Decker (U.S.) Inc., Individually and d/b/a DeWALT ® (a trade name), at all times material and relevant hereto, was and is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business located at 701 East Joppa Road, Towson, Maryland 21286.

4.      Defendant, Stanley Black & Decker, Inc., at all times material and relevant hereto, was and is a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business located at 1000 Stanley Drive, New Britain, Connecticut 06053.

5.      Defendant Black & Becker (U.S.), Inc. is a wholly owned subsidiary of Defendant Stanley Black & Decker, Inc., and as such was run by, managed by, directed by, and/or operated by Defendant Stanley Black & Decker, Inc. and the two companies will be referred to hereinafter collectively as "BLACK & DECKER".

6.      Defendant BLACK & DECKER, under the trade name DeWALT ®, designed, manufactured, created specifications for fabrication, fabricated, developed, tested, distributed, sold, and/or otherwise delivered for use in the Commonwealth of Pennsylvania a 10" table saw, Model DW744, serial number 949139 2013 18-49 (hereinafter "DeWALT ® saw").

7.      Defendant ACME TOOLS, f/k/a and/or d/b/a TOOL CRIB of the NORTH (hereinafter "ACME TOOLS"), at all times material and relevant hereto, was and is a corporation organized and existing under the laws of the State of North Dakota,



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1856 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

with a principal place of business located at 1603 12th Avenue North, Grand Rapids, North Dakota 58203.

8.      Upon information and belief, back in the mid 1980's is believed that Defendant ACME TOOLS sold tools, including but not limited to power tools and table saws, through a mail order business under the name TOOL CRIB of the NORTH via the TOOL CRIB Catalog.

9.      Upon further information and belief, in 1999 Defendant ACME TOOLS sold the TOOL CRIB Catalog to Amazon.  As part of the sale Defendant ACME TOOLS signed a non-compete agreement for ten (10) years.

10.     Upon information and belief, beginning on or about February 8, 2010, after the expiration of the non-compete agreement, Defendant ACME TOOLS resumed selling tools, including but not limited to power tools and table saws, via the ACME TOOLS Catalog and online.

11.     Defendant ACME TOOLS sold and delivered in the Commonwealth of Pennsylvania the DeWALT saw to Reed Shaffer and/or Reed Shaffer Construction.

### THE INCIDENT

12.     On March 27, 2018, GLYNN D. SMITH was using the DeWALT ® saw in the course and scope of his employment with Reed Shaffer Construction to cut a piece of wood.

13.     While working on March 27, 2018, GLYNN D. SMITH suffered severe and disfiguring injuries to his right hand while operating the DeWALT ® saw.

14.     GLYNN D. SMITH was initially seen in the Emergency Department at UPMC – Jameson Hospital in New Castle, Pennsylvania for treatment of the fractures,



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3838

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-8999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1600
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

3

deep lacerations on the dorsum of his right hand starting at the MCP joint of the fifth finger and then across the proximal phalanx of the fourth finger and to the MCP joint and middle phalanx of the third finger and tendon damage.

15.    Due to the severity of his injuries, GLYNN D. SMITH was transferred to Allegheny General Hospital, a Trauma Level I Hospital located in Pittsburgh, Pennsylvania for surgery to attempt to repair the injuries.

### THE KNOWN HAZARDS OF THE UNREASONABLY DANGEROUS TABLE SAW

16.    Table saws are the most dangerous woodworking tool in the United States. According to the U.S Consumer Product Safety Commission ("CPSC") there have been over fifty thousand (50,000) injuries per year involving table saws in the United States. That equates to one (1) injury every ten (10) minutes. *See* CPSC "Brief Package, Petition for Performance Standards for Table Saws" June 2006, Caroleene Paul, Project Manager.

17.    Underwriter's Laboratories ("UL") Research Report entitled *"Table Saw Hazard Study on Finger Injuries Due to Blade Contact"* Jan.2014, http://library.ul.com/wp-content/uploads/sites/40/2015/02/UL_WhitePapers_Tablesaw_V11.pdf concluded that lacerations to the finger or hand are the most common injuries associated with table saw operator blade contact.

18.    Blade contact has been identified for years as the major hazard related to stationary saws such as table saws. *See* CPSC "Injuries Associated with Stationary Power Saws" May 2003, Prowpit Adler, Directorate for Epidemiology

19.    CPSC staff investigation has shown "that table saw blade-contact injuries have a much larger proportion of injuries to fingers (compared to all other types



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

4

of consumer products) and have significantly larger proportions of diagnosis for lacerations and amputations." CPSC "Safety Standard Addressing Blade-Contact Injuries on Table Saws" 16 CFR Part 1245, Docket No. CPSC-2011-0074, January 17, 2017.

20.     "Table saws, in particular, table saw blade-contact injuries, represented a larger portion of injuries to fingers than all other workshop products (which include tools such as radial arm saws, miter saws, circular saws, band saws, and routers, along with other power and manual woodworking tools)." CPSC "Safety Standard Addressing Blade-Contact Injuries on Table Saws" 16 CFR Part 1245, Docket No. CPSC-2011-0074, January 17, 2017.

21.     CPSC staff analysis shows that the addition of riving knife and modular blade guards contained in UL 987 *Stationary and Fixed Electric Tools* has not reduced the number or severity of blade-contact injuries. "Furthermore, CPSC staff concludes that there is no discernable change in the number of blade-contact injuries or types of injuries related to table saw blade contact  from the timespan before the voluntary standard [in UL 987] was implemented (2004-2009) to the time span after the implementation of the voluntary standard requiring the riving knife and modular blade guard on all table saws (2010-2015)." CPSC "Safety Standard Addressing Blade-Contact Injuries on Table Saws" 16 CFR Part 1245, Docket No. CPSC-2011-0074, January 17, 2017.

22.     In June 2011, UL announced its intention to create a standard that addressed the performance characteristics needed to reduce blade-contact injuries with table saws.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-8999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

5

23.     Active injury mitigation (AIM), is a term developed by the UL working group created in June 2011 to address performance characteristics needed to reduce blade-contact injuries associated with table saws, and refers to technology used to actively prevent or mitigate injury of a human body part resulting from contact with a rotating saw blade.  AIM systems are intended to perform two functions: (1) *detect* imminent or actual contact between the rotating table saw blade and a human body part; and (2) *react* to mitigate the severity of the injury.

24.     In February 2016, UL balloted two proposals, one of which was to add AIM system requirements for table saws as part of UL 987.  The proposal did not reach consensus; the ballot received twelve (12) votes against (versus five (5) votes in favor of) the proposal.  The table saw industry objected to making AIM requirements part of the UL standard.

25.     Since 2004, the technology to manufacture a table saw with AIM capabilities has existed and been available on the market.

26.     AIM technology known as SawStop®, developed by SawStop, LLC, was first publicly demonstrated at a trade show in Atlanta in August 2000.

27.     Later that year, in November 2000 a prototype saw equipped with SawStop® technology was demonstrated in Cleveland, Ohio before the Power Tool Institute, Inc. ("PTI")

28.     The Power Tool Institute, Inc., is a trade group representing major manufacturers of portable and stationary power tools which markets itself as "the leading organization for power tool safety resources, information and education."



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

6

29.     Defendant Stanley Black & Decker and BLACK & DECKER® and DeWALT® are listed on the PTI's website as member companies.

30.     In February 2001, a representative of Defendant BLACK & DECKER gave a presentation at the Defense Research Institute conference in Las Vegas entitled "Evidentiary Issues Relating to SawStop Technology for Power Saw". Upon information and belief, the presentation discussed a hypothetical lawsuit and ways defense counsel for the power tool industry might defend such a product defect lawsuit if the industry did not adopt and/or develop Sawstop or similar AIM technology.

31.     SawStop, LLC offered to make the SawStop® technology available to Defendant BLACK & DECKER through a licensing agreement.

32.     The SawStop® technology would have been appropriate for use on the DeWALT® saw which caused GLYNN SMITH's injuries.

33.     In or around 2001-2002, representatives from Defendant BLACK & DECKER had discussions with Dr. Stephen F. Gass, the inventor and one of the principals of SawStop, LLC, the company which developed, manufactures, sells and licenses SawStop® saws and SawStop® technology.

34.     During this same time, SawStop, LLC allowed Defendant BLACK & DECKER to extensively study one of SawStop, LLC's prototype saws.

35.     After examining SawStop, LLC's prototype saws and SawStop® technology Defendant BLACK & DECKER decided to not pursue licensing and the use of this safer technology or to otherwise mitigate or eliminate the known danger of accidental blade contact with human flesh.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-8999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6849

bordaslaw.com

7

36.     In 2004, several members of the PTI, including Defendant BLACK & DECKER, formed a joint venture to develop technology for power saw blade contact injury avoidance, including skin sensing systems, blade braking systems, and/or blade guarding systems.

37.     The PTI joint venture claims that it has developed a flesh sensing technology, believed to have been developed prior to 2013, that reacts faster, has a lower replacement cost of firing, and mitigates injury to a greater degree when compared with SawStop® technology.

38.     In or around 2014, Bosch, another power tool manufacturer, introduced its ReaXX Table Saw which utilized AIM technology[1].

39.     In 2012, Whirlwind Tool Company, another smaller, non-member of the PTI, developed a table saw implanting AIM technology that utilized a proximity sensor to avoid injury to the saw user.

40.     At the time the DeWALT® saw at issue in this case was manufactured and/or sold, Defendant BLACK & DECKER had not brought to market any saw incorporating any AIM technology or any other comparable safety technology to mitigate or eliminate the known danger of accidental blade contact with human flesh.

41.     Defendant BLACK & DECKER's affirmative decision to forgo the use of a safer alternative design and/or to implement AIM technology directly led to the injuries suffered by GLYNN SMITH.

---

[1] On September 26, 2016 Administrative Law Judge Thomas B. Pender issued a determination that Bosch's ReaXX saw infringed on certain SawStop, LLC patents related to SawStop® technology. Thereafter, on January 27, 2017, the United States International Trade Commission issued a Cease and Desist Order against Bosch affirming the ALJ's finding that Bosch's ReaXX technology infringed on certain SawStop, LLC patents related to SawStop® technology. In February 2018, the Federal Circuit affirmed the ITC's decision.

**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5800
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

42.     Had Defendant BLACK & DECKER employed available and safer AIM technology GLYNN SMITH would not have been injured or the severity of his injuries would have been substantially reduced.

43.     Defendant BLACK & DECKER designed, manufactured, created specifications for fabrication, fabricated, developed, tested, distributed, sold, and/or otherwise delivered for use in the Commonwealth of Pennsylvania the unreasonably dangerous, hazardous, and defective DeWALT® saw which caused GLYNN SMITH to suffer permanent injury and disfigurement of his fingers and right hand.

44.     Defendant BLACK & DECKER designed, manufactured, created specifications for fabrication, fabricated, developed, tested, distributed, sold, and/or otherwise delivered for use in the Commonwealth of Pennsylvania the DeWALT® saw used by GLYNN SMITH, despite having knowledge of the dangers of its product based upon prior accident/incident reports, trade publications, participation lobbying against efforts to adopt and implement AIM technology, and prior product liability litigation.

45.     Defendant BLACK & DECKER knew that its continued manufacturing and sale of its dangerous and hazardous table saws, including but not limited to the DeWALT® saw used by GLYNN SMITH, would cause and continue to cause severe injuries including amputations as well as severe, disabling, and disfiguring injuries like the one suffered by GLYNN SMITH.

46.     Defendant ACME TOOLS continued to distribute, sell, and/or otherwise deliver for use in the Commonwealth of Pennsylvania the unreasonably dangerous, hazardous, and defective DeWALT® saw which caused GLYNN SMITH to suffer permanent injury and disfigurement of his fingers and right hand.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

9

47.     Defendant ACME TOOLS continued to distribute, sell, and/or otherwise deliver for use in the Commonwealth of Pennsylvania despite having knowledge of the dangers associated with table saws, including but not limited to the DeWALT® saw used by GLYNN SMITH, based upon its knowledge of prior accident/incident reports, trade publications and participation in the power tool industry.

48.     Defendant ACME TOOLS knew that its continued sale, distribution and/or delivery for use in the Commonwealth of Pennsylvania of table saws, including but not limited to the DeWALT® saw used by GLYNN SMITH, would cause and continue to cause severe injuries including amputations as well as severe, disabling, and disfiguring injuries like the one suffered by GLYNN SMITH.

49.     Defendants BLACK & DECKER and ACME TOOLS's decision resulted in GLYNN SMITH suffering serious and permanent disfiguring injuries.

### COUNT I – NEGLIGENCE
**Plaintiff GLYNN SMITH v. Defendants BLACK & DECKER (U.S.) INC., Individually and d/b/a DeWALT ® (a trade name) and STANLEY BLACK & DECKER, INC.**

50.     The preceding paragraphs are incorporated herein by reference as though fully set forth herein in their entirety.

51.     Defendant BLACK & DECKER owed a duty to design, manufacture, market, distribute, sell and/or place into the stream of commerce the DeWALT® saw and other similar products in such a way so as to avoid harm to persons using them, such as GLYNN SMITH.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

52.     Defendant BLACK & DECKER owed a duty to warn of the hazards and dangers associated with the use of its products so as to avoid harm to persons using them, such as GLYNN SMITH.

53.     Defendant BLACK & DECKER breached its duty to persons such as GLYNN SMITH using the DeWALT® saw and other similar products.

54.     A safer alternative design to the DeWALT® saw was available to Defendant BLACK & DECKER and in all reasonable probability, the same product could have been designed/manufactured/sold/distributed with appropriate technology, component, device and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the saw's utility.

55.     The costs of correctly designing and manufacturing the DeWALT® saw to eliminate the known hazardous condition was economically and technically feasible at the time the product left the control of Defendant BLACK & DECKER.

56.     Defendant BLACK & DECKER knew or through the exercise of reasonable care should have known that its table saws, including but not limited to the DeWALT® saw, were unreasonably dangerous without adequate safeguards, warnings, and/or instructions.

57.     Defendant BLACK & DECKER had actual knowledge of the means and ability to design and manufacture a safer and effective table saw, including safety features such as SawStop® technology, which would have detected flesh, or Whirlwind Tool Company's proximity sensor, both of which instantly stopped the rotating saw blade, thus preventing or minimizing the injuries suffered by GLYNN SMITH.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

11

58.    Defendant BLACK & DECKER was negligent, careless, and reckless in designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw, both generally and in the following particular respects:

   a.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not instantly shut off after detecting flesh;

   b.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not use a proximity sensor;

   c.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not employee AIM technology;

   d.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not have an interlocked guard;

   e.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw in such a way that it would fail to guard against flesh injuries to table saw users;

   f.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw which was made in such a way that made it unreasonably unsafe for persons using it as intended;

   g.  failing to employ appropriate technology, component, device, and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the table saw's utility;

   h.  failing to employ appropriate technology which would cause the table saw to shut off when it comes in contact with human flesh;

   i.  knowingly, and intentional failing and refusing to license SawStop® technology;

   j.  failing to employ appropriate technology which would sense the proximity of flesh to the rotating saw blade and immediately shut the saw off;

   k.  failing to employ appropriate technology developed by the PTI joint venture  which the PTI contends reacts faster, has



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-8999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

a lower replacement cost of firing, and mitigates injury to a greater degree when compared with SawStop® technology;

l.   failing to supply the DeWALT® saw in a condition which was free of defects and fit and safe in all respects for its intended and foreseeable uses;

m.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw that lacked every element necessary to make it safe or was otherwise in an unsafe condition;

n.   disregarding the safety and well-being of users of the DeWALT® saw, including GLYNN SMITH, by designing, manufacturing, and selling it in an unsafe manner;

o.   disregarding the health, safety and well-being of users of the DeWALT® saw, including GLYNN SMITH, by failing to eliminate, rectify, and/or warn of known dangers and defects which involved a substantial likelihood of injury and which BLACK & DECKER knew could have been guarded against and/or eliminated;

p.   failing to provide adequate instructions and warning covering all known or reasonably foreseeable eventualities which BLACK & DECKER knew could have been guarded against and/or eliminated;

q.   failing to keep abreast of state of the art and existing principles of science, engineering, design, and/or applying such knowledge and principles to the design of the DeWALT® saw

r.   failing to recall or otherwise remove the defective DeWALT® saw from the market;

s.   failing to provide adequate warning that the DeWALT® saw would not instantly shut off when it came in contact with flesh;

t.   failing to provide adequate warning that the DeWALT® saw did not employ flesh sensing technology despite said technology existing and being available;

u.   failing to adequately identify, investigate, record, and incorporate into its design, development, engineering, fabrication, assembly, and/or manufacture of the DeWALT® saw the knowledge gained from prior incidents in which Defendant BLACK & DECKER saws caused serious injuries to their users despite the exercise of all reasonable and due care;

v.   consciously disregarding the safety consequences of its design decisions, which Defendant BLACK & DECKER knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

importance on its corporate profits than its products' safety; and

w. consciously and deliberately choosing not to incorporate into the design of the DeWALT® saw feasible and commercially available alternative designs that would have improved its safety and prevented GLYNN SMITH's injuries.

59. As set forth above, a safer alternative design was available to Defendant BLACK & DECKER which if used, in all reasonable probability, would have prevented or significantly reduced the risk of disfigurement and injury without impairing the saw's utility.

60. The cost of properly designing the DeWALT® saw so as to eliminate the known hazard was economically and technically feasible at the time the subject DeWALT® saw left the control of Defendant BLACK & DECKER.

61. At the time the subject DeWALT® saw left the control of Defendant BLACK & DECKER, it had actual knowledge of the means of designing such a saw which would not have caused GLYNN SMITH's injuries in the manner described above.

62. Prior to 2013, Defendant BLACK & DECKER knew or had reason to know that selling the DeWALT® without AIM technology was dangerous and hazardous to the users of such table saws.

63. Despite that knowledge, Defendant BLACK & DECKER in willful, wanton, malicious, outrageous, and reckless disregard for the health, safety and well-being of users, including GLYNN SMITH, of the DeWALT® saw, continued to design, manufacture, market, distribute, sell, and/or supply table saws with such characteristics and allowed those products to remain in the stream of commerce where they could injury intended users, including GLYNN SMITH.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5800
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

14

64.     Defendant BLACK & DECKER failed to implement AIM technology or warn the owners and users of the DeWALT® saw of the potential dangers posed by the design of it, all to avoid the expense of licensing proven technology and/or changing the design of its product, to prevent potential lost revenue, and to limit the potential exposure that its product line would be deemed to be dangerous and defective for not implementing AIM technology.

65.     As set forth above, Defendant BLACK & DECKER's conduct was malicious, willful, wanton, reckless and evidenced a reckless disregard for the health, safety, and well-being of users, including GLYNN SMITH, of its DeWALT® saw.

66.     As a direct and proximate result of Defendant BLACK & DECKER's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH suffered serious and permanent disabling injuries including, but not limited to, multiple fractures, deep lacerations on the dorsum of his right hand starting at the MCP joint of the fifth finger and then across the proximal phalanx of the fourth finger and to the MCP joint and middle phalanx of the third finger and tendon damage requiring surgery.

67.     As a direct and proximate result of Defendant BLACK & DECKER's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH has suffered and will continue to suffer into the indefinite future to endure pain, suffering, humiliation, inconvenience, disfigurement, embarrassment, and loss of life's pleasures.



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

68.     As a direct and proximate result of this incident, GLYNN SMITH has undergone in the past and may continue to undergo in the future numerous reasonable and necessary medical treatments, surgeries, procedures, and rehabilitation.

69.     As a direct and proximate result of this incident, GLYNN SMITH was forced to incur various expenses for treatment, surgery, therapy, rehabilitation, and medicine for his injuries and will be compelled to continue to incur said expenses into the indefinite future.

70.     As a direct and proximate result of this incident, GLYNN SMITH has been unable to attend to his usual and customary daily activities and occupations, all to his detriment and loss.

71.     As a direct and proximate result of this incident, GLYNN SMITH was caused to incur a loss of past income, future income, and his future earnings capacity has been greatly impaired or extinguished.

WHEREFORE, in consideration of the foregoing, Plaintiff GLYNN SMITH, demands judgment awarding both compensatory and punitive damages against Defendants Black & Decker (U.S.) Inc., Individually and d/b/a DeWALT ® (a trade name) and Stanley Black & Decker, Inc. in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.

**COUNT II – STRICT LIABILITY**
**Plaintiff GLYNN SMITH v. Defendants BLACK & DECKER (U.S.) INC.,**
**Individually and d/b/a DeWALT ® (a trade name) and**
**STANLEY BLACK & DECKER, INC.**

72.     The preceding paragraphs are incorporated herein by reference as though fully set forth herein in their entirety.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

73.    Defendant BLACK & DECKER at all times pertinent to this Complaint was engaged in the design, testing, manufacture, marketing, development, distribution and sale of various table saws including, but not limited to, the above described DeWALT® saw within the meaning of §402A of the *Restatement (Second) of Torts*.

74.    Defendant BLACK & DECKER expected the subject DeWALT® saw to, and it did, reach users, including GLYNN SMITH, without substantial change in the condition in which it was sold.

75.    When the subject DeWALT® saw left the possession of Defendant BLACK & DECKER, it was in a defective condition creating a risk of harm to a user, including GLYNN SMITH.

76.    Defendant BLACK & DECKER owed users of its DeWALT® saws, such as GLYNN SMITH, a duty of care and breached that duty by placing into the stream of commerce an unreasonably dangerous product in a defective condition including the following deficiencies:

    a.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not instantly shut off after detecting flesh;

    b.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not use a proximity sensor;

    c.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not employee AIM technology;

    d.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not have an interlocked guard;

    e.  designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw in such a way that it would fail to guard against flesh injuries to table saw users;



BORDAS
—AND—
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

17

f. designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw which was made in such a way that made it unreasonably unsafe for persons using it;

g. failing to employ appropriate technology, component, device, and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the table saw's utility;

h. failing to employ appropriate technology which would cause the table saw to shut off when it comes in contact with human flesh;

i. knowingly, and intentional failing and refusing to license SawStop® technology;

j. failing to employ appropriate technology which would sense proximity of flesh to the rotating saw blade and immediately shut the saw off;

k. failing to employ appropriate technology developed by the PTI joint venture PTI contends reacts faster, has a lower replacement cost of firing, and mitigates injury to a greater degree when compared with SawStop® technology;

l. failing to supply the DeWALT® saw which was free of defects and fit and safe in all respects for its intended and foreseeable uses;

m. designing, testing, manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw that lacked every element necessary to make it safe or was otherwise in an unsafe condition;

n. disregarding the safety and well-being of users of the DeWALT® saw, including GLYNN SMITH, by designing, manufacturing, and selling them in an unsafe manner;

o. disregarding the health, safety and well-being of users of the DeWALT® saw, including GLYNN SMITH, by failing to eliminate, rectify, and/or warn of known dangers and defects which involved a substantial likelihood of injury and which BLACK & DECKER knew could have been guarded against and/or eliminated;

p. failing to provide adequate instructions and warning covering all known or reasonably foreseeable eventualities which BLACK & DECKER knew could have been guarded against and/or eliminated;

q. failing to keep abreast of state of the art and existing principles of science, engineering, design and/or applying such knowledge and principles to the design of the DeWALT® saw



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

18

r. failing to recall or otherwise remove the defective DeWALT® saw from the market;

s. failing to provide adequate warning that the DeWALT® saw would not instantly shut off when it came in contact with flesh;

t. failing to provide adequate warning that the DeWALT® saw did not employ flesh sensing technology despite said technology existing and being available;

u. failing to adequately identify, investigate, record, and incorporate into its design, development, engineering, fabrication, assembly, and/or manufacture of the DeWALT® saw the knowledge gained from prior incidents in which Defendant BLACK & DECKER saws caused serious injuries to their users despite the exercise of all reasonable and due care;

v. consciously disregarding the safety consequences of its design decisions, which Defendant BLACK & DECKER knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than its products' safety; and

w. consciously and deliberately choosing not to incorporate into the design of the DeWALT® saw feasible and commercially available alternative designs that would have improved its safety and prevented GLYNN SMITH's injuries.

77.     At the time GLYNN SMITH suffered his severe and disfiguring injuries, the DeWALT® saw was being used in a foreseeable manner and for its foreseeable and intended use and purpose.

78.     As set forth above, a safer alternative design was available to Defendant BLACK & DECKER which if used, in all reasonable probability, would have prevented or significantly reduced the risk of disfigurement and injury without impairing the saw's utility.

79.     The cost of properly designing the DeWALT® saw so as to eliminate the known hazard was economically and technically feasible at the time the subject DeWALT® saw left the control of Defendant BLACK & DECKER.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

108 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-8999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

80.   At the time the subject DeWALT® saw left the control of Defendant BLACK & DECKER, it had actual knowledge of the means of designing such a saw which would not have caused GLYNN SMITH's injuries in the manner described above.

81.   Prior to 2013, Defendant BLACK & DECKER knew or had reason to know that selling the DeWALT® saw without AIM technology was dangerous and hazardous to the users of such table saws.

82.   Despite that knowledge, Defendant BLACK & DECKER in willful, wanton, malicious, outrageous, and reckless disregard for the health, safety and well-being of users, including GLYNN SMITH, of the DeWALT®  saw, continued to design, manufacture, market, distribute, sell, and/or supply table saws with such characteristics and allowed those products to remain in the stream of commerce where they could injury intended users, including GLYNN SMITH.

83.   Defendant BLACK & DECKER failed to implement AIM technology or warn the owners and users of the DeWALT® saw of the potential dangers posed by the design of it, all to avoid the expense of licensing proven technology and/or changing the design of its product, to prevent potential lost revenue, and to limit the potential exposure that its product line would be deemed to be dangerous and defective for not implementing AIM technology.

84.   As set forth above, Defendant BLACK & DECKER's conduct was malicious, willful, wanton, reckless, and evidenced a reckless disregard for the health, safety, and well-being of users, including GLYNN SMITH, of its DeWALT® saw.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

528 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

85.     As a direct and proximate result of Defendant BLACK & DECKER's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH suffered serious and permanent disabling injuries including, but not limited to, multiple fractures, deep lacerations on the dorsum of his right hand starting at the MCP joint of the fifth finger and then across the proximal phalanx of the fourth finger and to the MCP joint and middle phalanx of the third finger and tendon damage requiring surgery.

86.     As a direct and proximate result of Defendant BLACK & DECKER's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH has suffered and will continue to suffer into the indefinite future to endure pain, suffering, humiliation, inconvenience, disfigurement, embarrassment and loss of life's pleasures.

87.     As a direct and proximate result of this incident, GLYNN SMITH has undergone in the past and may continue to undergo in the future numerous reasonable and necessary medical treatments, surgeries, procedures, and rehabilitation.

88.     As a direct and proximate result of this incident, GLYNN SMITH was forced to incur various expenses for treatment, surgery, therapy, rehabilitation, and medicine for his injuries and will be compelled to continue to incur said expenses into the indefinite future.  As a direct and proximate result of this incident, GLYNN SMITH has been unable to attend to his usual and customary daily activities and occupations, all to his detriment and loss.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5804

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

89.     As a direct and proximate result of this incident, GLYNN SMITH was caused to incur a loss of past income, future income, and his future earnings capacity has been greatly impaired or extinguished.

WHEREFORE, in consideration of the foregoing, Plaintiff GLYNN SMITH, demands judgment awarding both compensatory and punitive damages against Defendants Black & Decker (U.S.) Inc., Individually and d/b/a DeWALT ® (a trade name) and Stanley Black & Decker, Inc. in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.

**COUNT III – NEGLIGENCE**
**Plaintiff GLYNN SMITH v. Defendant ACME TOOLS,**
**f/k/a and/or d/b/a TOOL CRIB of the NORTH**

90.     The preceding paragraphs are incorporated herein by reference as though fully set forth herein in their entirety.

91.     Defendant ACME TOOLS owed a duty to market, distribute, sell, and/or place into the stream of commerce the DeWALT® saw and other similar products in such a way so as to avoid harm to persons using them, such as GLYNN SMITH.

92.     Defendant ACME TOOLS owed a duty to warn of the hazards and dangers associated with the use of the DeWALT® saw so as to avoid harm to persons using it, such as GLYNN SMITH.

93.     Defendant ACME TOOLS breached its duties to persons such as GLYNN SMITH using the products it marketed, distributed, sold, and/or place into the stream of commerce.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-8999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

22

94.    A safer alternative design to the DeWALT® saw was available to Defendant ACME TOOLS and in all reasonable probability, the same product could have been designed/manufactured/sold/distributed with appropriate technology, component, device and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the saw's utility.

95.    Defendant ACME TOOLS knew or through the exercise of reasonable care should have known that the DeWALT® saw was unreasonably dangerous without adequate safeguards, warnings, and/or instructions.

96.    Defendant ACME TOOLS had actual knowledge of the means and ability to market, distribute, sell, and/or place into the stream of commerce a safer and effective table saw, including safety features such as SawStop® technology, which would have detected flesh, or Whirlwind Tool Company's proximity sensor, both of which instantly stopped the rotating saw blade, thus preventing or minimizing the injuries suffered by GLYNN SMITH.

97.    Defendant ACME TOOLS was negligent, careless, and reckless in marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw, both generally and in the following particular respects:

a. marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not instantly shut off after detecting flesh;
b. marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not use a proximity sensor;
c. manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not employee AIM technology;
d. marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not have an interlocked guard;



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

23

e.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw in such a way that it would fail to guard against flesh injuries to table saw users;

f.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw which was made in such a way that made it unreasonably unsafe for persons using it;

g.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology, component, device, and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the table saw's utility;

h.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology which would cause the table saw to shut off when it comes in contact with human flesh;

i.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed and refused to license SawStop® technology;

j.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology which would sense proximity of flesh to the rotating saw blade and immediately shut the saw off;

k.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology developed by the PTI joint venture that PTI contends reacts faster, has a lower replacement cost of firing, and mitigates injury to a greater degree when compared with SawStop® technology;

l.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw which was free of defects and fit and safe in all respects for its intended and foreseeable uses;

m.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce, the DeWALT® saw which lacked every element necessary to make it safe or was otherwise in an unsafe condition;

n.  disregarding the safety and well-being of users of the DeWALT® saw, including GLYNN SMITH, by marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which were sold in an unsafe manner;

o.  disregarding the health, safety and well-being of users of the DeWALT® saw, including GLYNN SMITH, by marketing,



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

24

distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to eliminate, rectify, and/or warn of known dangers and defects which involved a substantial likelihood of injury and which ACME TOOLS knew could have been guarded against and/or eliminated;

p. failing to provide adequate instructions and warning covering all known or reasonably foreseeable eventualities which ACME TOOLS knew could have been guarded against and/or eliminated;

q. failing to recall or otherwise remove the defective DeWALT® saw from the market;

r. failing to provide adequate warning that the DeWALT® saw would not instantly shut off when it came in contact with flesh;

s. failing to provide adequate warning that the DeWALT® saw did not employ flesh sensing technology despite said technology existing and being available;

t. failing to adequately identify, investigate, record, and incorporate into table saws it choose to market, distribute, sell and/or place into the stream of commerce the knowledge gained from prior incidents in which table saws caused serious injuries to their users despite the exercise of all reasonable and due care;

u. consciously disregarding the safety consequences of marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws its knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than products safety; and

v. consciously and deliberately choosing to market, distribute, sell, and/or place into the stream of commerce table saws which failed to incorporate into their design feasible and commercially available alternative designs that would have improved the saw's safety and prevented GLYNN SMITH's injuries.

98.    As set forth above, a safer alternative design was available for sale by Defendant ACME TOOLS which if sold, in all reasonable probability, would have prevented or significantly reduced the risk of disfigurement and injury without impairing the saw's utility.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsvile, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-8343

bordaslaw.com

99.     At the time the subject DeWALT® saw left the control of Defendant ACME TOOLS, it had actual knowledge of the existence of table saws which would not have caused GLYNN SMITH's injuries in the manner described above.

100.    Prior to 2013, Defendant ACME TOOLS knew or had reason to know that selling the DeWALT® saw without AIM technology was dangerous and hazardous to the users of such table saws.

101.    Despite that knowledge, Defendant ACME TOOLS in willful, wanton, malicious, outrageous, and reckless disregard for the health, safety and well-being of users, including GLYNN SMITH, of the DeWALT® saw, continued to market, distribute, sell, and/or supply table saws with such characteristics and allowed those products to remain in the stream of commerce where they could injury intended users, including GLYNN SMITH.

102.    As set forth above, Defendant ACME TOOLS's conduct was malicious, willful, wanton, reckless, and evidenced a reckless disregard for the health, safety, and well-being of users, including GLYNN SMITH, of the DeWALT® saw.

103.    As a direct and proximate result of Defendant ACME TOOLS's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH suffered serious and permanent disabling injuries including, but not limited to, multiple fractures, deep lacerations on the dorsum of his right hand starting at the MCP joint of the fifth finger and then across the proximal phalanx of the fourth finger and to the MCP joint and middle phalanx of the third finger and tendon damage requiring surgery.



**BORDAS**
**AND**
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

528 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

26

104.    As a direct and proximate result of Defendant BLACK & DECKER's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH has suffered and will continue to suffer into the indefinite future to endure pain, suffering, humiliation, inconvenience, disfigurement, embarrassment, and loss of life's pleasures.

105.    As a direct and proximate result of this incident, GLYNN SMITH has undergone in the past and may continue to undergo in the future numerous reasonable and necessary medical treatments, surgeries, procedures, and rehabilitation.

106.    As a direct and proximate result of this incident, GLYNN SMITH was forced to incur various expenses for treatment, surgery, therapy, rehabilitation, and medicine for his injuries and will be compelled to continue to incur said expenses into the indefinite future.

107.    As a direct and proximate result of this incident, GLYNN SMITH has been unable to attend to his usual and customary daily activities and occupations, all to his detriment and loss.

108.    As a direct and proximate result of this incident, GLYNN SMITH was caused to incur a loss of past income, future income, and his future earnings capacity has been greatly impaired or extinguished.

WHEREFORE, in consideration of the foregoing, Plaintiff GLYNN SMITH, demands judgment awarding both compensatory and punitive damages against Defendant ACME TOOLS, f/k/a and/or d/b/a TOOL CRIB of the NORTH in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

27

### COUNT IV – STRICT LIABILITY
### Plaintiff  GLYNN SMITH v. Defendants ACME TOOLS,
### f/k/a and/or d/b/a TOOL CRIB of the NORTH

109     The preceding paragraphs are incorporated herein by reference as though fully set forth herein in their entirety.

110     Defendant ACME TOOLS at all times pertinent to this Complaint was engaged in the marketing, distribution, and sale of various table saws including, but not limited to, the above described DeWALT® saw within the meaning of §402A of the *Restatement (Second) of Torts.*

111     Defendant ACME TOOLS expected the subject DeWALT® saw to, and it did, reach users, including GLYNN SMITH, without substantial change in the condition in which it was sold.

112     When the subject DeWALT® saw left the possession of Defendant ACME TOOLS, it was in a defective condition creating risk of harm to a user, including GLYNN SMITH.

113     Defendant ACME TOOLS owed users of the DeWALT® saw, such as GLYNN SMITH, a duty of care and breached that duty by placing into the stream of commerce an unreasonably dangerous product in a defective condition including the following deficiencies:

    a.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not instantly shut off after detecting flesh;

    b.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not use a proximity sensor;

    c.  manufacturing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not employee AIM technology;



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

d.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw that did not have an interlocked guard;

e.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce a table saw in such a way that it would fail to guard against flesh injuries to table saw users;

f.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw which was made in such a way that made it unreasonably unsafe for persons using it;

g.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology, component, device, and/or mechanism which would have prevented or significantly reduced the risk of injury without impairing the table saw's utility;

h.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology which would cause the table saw to shut off when it comes in contact with human flesh;

i.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed and refused to license SawStop® technology;

j.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology which would sense proximity of flesh to the rotating saw blade and immediately shut the saw off;

k.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to employ appropriate technology developed by the PTI joint venture that PTI contends reacts faster, has a lower replacement cost of firing, and mitigates injury to a greater degree when compared with SawStop® technology;

l.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce the DeWALT® saw which was free of defects and fit and safe in all respects for its intended and foreseeable uses;

m.  marketing, distributing, selling, and/or otherwise placing into the stream of commerce, the DeWALT® saw which lacked every element necessary to make it safe or was otherwise in an unsafe condition;

n.  disregarding the safety and well-being of users of the DeWALT® saw, including GLYNN SMITH, by marketing, distributing, selling, and/or otherwise placing into the stream



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

of commerce table saws which were sold in an unsafe manner;

o. disregarding the health, safety, and well-being of users of the DeWALT® saw, including GLYNN SMITH, by marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws which failed to eliminate, rectify, and/or warn of known dangers and defects which involved a substantial likelihood of injury and which ACME TOOLS knew could have been guarded against and/or eliminated;

p. failing to provide adequate instructions and warning covering all known or reasonably foreseeable eventualities which ACME TOOLS knew could have been guarded against and/or eliminated;

q. failing to recall or otherwise remove the defective DeWALT® saw from the market;

r. failing to provide adequate warning that the DeWALT® saw would not instantly shut off when it came in contact with flesh;

s. failing to provide adequate warning that the DeWALT® saw did not employ flesh sensing technology despite said technology existing and being available;

t. failing to adequately identify, investigate, record, and incorporate into table saws it choose to market, distribute, sell, and/or place into the stream of commerce the knowledge gained from prior incidents in which table saws caused serious injuries to their users despite the exercise of all reasonable and due care;

u. consciously disregarding the safety consequences of marketing, distributing, selling, and/or otherwise placing into the stream of commerce table saws its knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than products safety; and

v. consciously and deliberately choosing to market, distribute, sell and/or place into the stream of commerce table saws which failed to incorporate into their design feasible and commercially available alternative designs that would have improved the saw's safety and prevented GLYNN SMITH's injuries.

114    At the time GLYNN SMITH suffered his severe and disfiguring injuries, the DeWALT® saw was being used in a foreseeable manner and for its foreseeable and intended use and purpose.



BORDAS
—AND—
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-6600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

115     As set forth above, a table saw incorporating a safer alternative design was available to Defendant ACME TOOLS which if used, in all reasonable probability, would have prevented or significantly reduced the risk of disfigurement and injury without impairing the saw's utility.

116     At the time the subject DeWALT® saw left the control of Defendant ACME TOOLS, it had actual knowledge of the means of marketing, distributing, selling, and/or otherwise placing into the stream of commerce such a saw which would not have caused GLYNN SMITH's injuries in the manner described above.

117     Prior to 2013, Defendant ACME TOOLS knew or had reason to know that selling the DeWALT® saw without AIM technology was dangerous and hazardous to the users of such table saws.

118     Despite that knowledge, Defendant ACME TOOLS in willful, wanton, malicious, outrageous, and reckless disregard for the health, safety, and well-being of users, including GLYNN SMITH, continued to market, distribute, sell, and/or supply the DeWALT® saw with such characteristics and allowed that products to remain in the stream of commerce where it could injure intended users, including GLYNN SMITH.

119     As set forth above, Defendant ACME TOOLS's conduct was malicious, willful, wanton, reckless, and evidenced a reckless disregard for the health, safety, and well-being of users, including GLYNN SMITH, of the DeWALT® saw.

120     As a direct and proximate result of Defendant ACME TOOLS's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH suffered serious and permanent disabling injuries including, but not limited to,



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-8343

bordaslaw.com

31

multiple fractures, deep lacerations on the dorsum of his right hand starting at the MCP joint of the fifth finger and then across the proximal phalanx of the fourth finger and to the MCP joint and middle phalanx of the third finger and tendon damage requiring surgery.

121    As a direct and proximate result of Defendant ACME TOOLS's negligence, carelessness, recklessness, and/or willful and wanton conduct, GLYNN SMITH has suffered and will continue to suffer into the indefinite future to endure pain, suffering, humiliation, inconvenience, disfigurement, embarrassment, and loss of life's pleasures.

122    As a direct and proximate result of this incident, GLYNN SMITH has undergone in the past and may continue to undergo in the future numerous reasonable and necessary medical treatments, surgeries, procedures, and rehabilitation.

123    As a direct and proximate result of this incident, GLYNN SMITH was forced to incur various expenses for treatment, surgery, therapy, rehabilitation, and medicine for his injuries and will be compelled to continue to incur said expenses into the indefinite future.

124    As a direct and proximate result of this incident, GLYNN SMITH has been unable to attend to his usual and customary daily activities and occupations, all to his detriment and loss.

125    As a direct and proximate result of this incident, GLYNN SMITH was caused to incur a loss of past income, future income, and his future earnings capacity has been greatly impaired or extinguished.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3938

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

WHEREFORE, in consideration of the foregoing, Plaintiff GLYNN SMITH, demands judgment awarding both compensatory and punitive damages against Defendant ACME TOOLS, f/k/a and/or d/b/a TOOL CRIB of the NORTH in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.

### COUNT V – LOSS OF CONSORTIUM
**Plaintiff DONNA SMITH v. Defendants BLACK & DECKER (U.S.) INC., Individually and d/b/a DeWALT ® (a trade name), and STANLEY BLACK & DECKER, INC., and Defendants ACME TOOLS, f/k/a and/or d/b/a TOOL CRIB of the NORTH**

126   The preceding paragraphs are incorporated herein by reference as though fully set forth herein in their entirety.

127   By reason of the afore-described injuries sustained by Plaintiff GLYNN SMITH, his wife, Plaintiff DONNA LONG, has been and will be in the future deprived of the services, assistance, companionship, and consortium of her husband, and has suffered a loss of the enjoyment of the ordinary pleasures of life, including marital and family life.

WHEREFORE, in consideration of the foregoing, Plaintiff DONNA SMITH, demands judgment awarding both compensatory and punitive damages against Defendants Black & Decker (U.S.) Inc., Individually and d/b/a DeWALT ® (a trade name), Stanley Black & Decker, Inc., and ACME TOOLS, f/k/a and/or d/b/a TOOL CRIB of the NORTH in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5800
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

## JURY DEMAND

In accordance with Pa.R.Civ.P. 1007.1 a trial by jury is hereby demanded.

Respectfully Submitted,

BORDAS & BORDAS, PLLC

By: _____

Attorneys for Plaintiff
DOUGLAS J. OLCOTT
P.A. ID # 204851
One Gateway Center
420 Fort Duquesne Blvd.
18th Floor, West Wing
Pittsburgh, PA 15222
(412) 502-5000
Dolcott@Bordaslaw.com



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

FILED/ORIGINAL

2020 JAN 17 AM 8: 51

JOEL KLAGON-ESQ., PO
PRO AND CLERK

## VERIFICATION

We verify that the statements contained in the foregoing Compliant are true and correct to the best of our knowledge, information and belief. We understand that any false statements are made subject to 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: _1-15-2020_

GLYNN SMITH

Date: _1-15-2020_

DONNA SMITH



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

FILED/ORIGINAL

2020 JAN 17  AM 8: 55

JOBI KLABON COOLDO
PRO AND CLERK

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Plaintiffs</u>

Signature: _____

Printed Name: <u>Douglas J. Olcott</u>

Attorney ID: <u>204851</u>

Phone No.: <u>(412) 502-5000</u>



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

FILED/ORIGINAL

2020 JAN 17 AM 8: 58

JOHN KLABON-ESGLDO
PRO AND CLERK

**IN THE COURT OF COMMON PLEAS
LAWRENCE COUNTY, PENNSYLVANIA**

GLYNN SMITH and DONNA SMITH
Husband and Wife,                                     CIVIL NO.: 2020- *16040*
26 West Miller Street,
New Castle, PA 16101

                                    Plaintiffs,

v.                                                    **JURY TRIAL DEMANDED**

BLACK & DECKER (U.S.) Inc., Individually
and d/b/a DeWALT ® (a trade name),
701 East Joppa Road
Towson, MD 21286

STANLEY BLACK & DECKER, INC.,
1000 Stanley Drive
New Britain, CT 06053

ACME TOOLS f/k/a and/or d/b/a
TOOL CRIB of the NORTH
1603 12th Avenue North
Grand Forks, ND 58203

                    **NOTICE TO DEFEND**

      You have been sued in Court. If you wish to defend against the claims set forth
in the following pages, you must take action within twenty (20) days after this
Complaint and Notice are served, by entering a written appearance personally or by
attorney and filing in writing with the Court your defenses or objections to the claims
set forth against you. You are warned that if you fail to do so the case may proceed
without you and a judgment may be entered against you by the Court without further
notice for any money claimed in the Complaint or for any claim or relief requested by
the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH
BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT
HIRING A LAWYER. IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE
MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES
THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A
REDUCED FEE OR NO FEE:



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

**FILED/ORIGINAL**

37      **2020 JAN 17  AM 8: 5 ?**

**JODI KLABON-ESOLBO
PRO AND CLERK**

Office of Lawyer Referral
Third Floor
Lawrence County Government Center
430 Court Street
New Castle, PA 16101
(724) 656-1921

By: _____
Attorneys for Plaintiff
DOUGLAS J. OLCOTT
P.A. ID # 204851
One Gateway Center
420 Fort Duquesne Blvd.
18th Floor, West Wing
Pittsburgh, PA 15222
(412) 502-5000
Dolcott@Bordaslaw.com



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5800
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

FILED/ORIGINAL

2020 JAN 17  AM 8: 58

JOSI KLABON-ESOL80
PRO AND CLERK

## NOTICE TO PLEAD

You are hereby notified to plead/respond to the enclosed Complaint within twenty (20) days from your service hereof or a judgment may be entered against you.

By: _____

Attorneys for Plaintiff
DOUGLAS J. OLCOTT
P.A. ID # 204857
One Gateway Center
420 Fort Duquesne Blvd.
18th Floor, West Wing
Pittsburgh, PA 15222
(412) 502-5000
Dolcott@Bordaslaw.com



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

**FILED/ORIGINAL**

2020 JAN 17 AM 8: 59

JODI KLABON-ESOLDO
PRO AND CLERK

PP. $ 168-75 lm

JAN 1 7 2020
20 ___ EXIT TO SHERIFF

FILED/ORIGINAL

2020 JAN 17  AM 8: 5 8

JERI KLADON-EGOLD
PRO AND CLERK